IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| WASEEM DAKER,<br>　　Petitioner,<br>　　　　v.<br>SHAWN EMMONS, *Warden*,<br>　　Respondent. | Civil Action No.<br>4:23-cv-00213-SDG |

**OPINION AND ORDER**

This matter is before the Court on Petitioner Waseem Daker's motion asking the Court to reconsider and vacate its February 20, 2024 Order.[1] But Daker has not demonstrated that he is entitled to relief. The motion [ECF 25] is **DENIED**.

**I.   Background**

Daker is a state prisoner. His serial, abusive litigation tactics are well-documented and need not be repeated here. On August 4, 2020, the Court entered a permanent filing injunction against Daker (the Injunction) based on its finding that Daker is an abusive and vexatious litigant.[2] The Injunction requires that, when Daker files or attempts to file a new action in this Court, he (1) pay the full filing fee and (2) post a $1,500 contempt bond or submit a motion seeking relief from the

---

[1]   The February 20 Order was entered in two additional cases: 1:18-cv-05243-SDG and 1:22-cv-02776-SDG. Daker filed the instant motion in all three cases. This Order, however, addresses Daker's motion only to the extent that it relates to the above-captioned action, Case No. 4:23-cv-00213-SDG (Case 213).

[2]   *Daker v. Deal*, Case No. 1:18-cv-05243-SDG (N.D. Ga.) (Case 5243), ECF 57.

bond requirement. Further, the Injunction requires that, if Daker files a new lawsuit in any federal court, he include with his pleading (3) a copy of the Injunction and (4) a list of each lawsuit, habeas corpus petition, and appeal he has filed in federal court along with the disposition of each action (*i.e.*, his litigation history).[3] The Court also ordered that any complaint Daker "submits in this Court without posting the contempt bond (or a compliant motion [for relief from the bond requirement]), without a copy of [the Injunction], or without a list of his prior actions in federal court will be summarily dismissed."[4] The Injunction was unanimously upheld on appeal.[5] Since then, Daker has repeatedly sought to vacate the Injunction or obtain relief from it.[6] This Court has rejected those efforts.[7]

Daker filed the instant habeas corpus action under 28 U.S.C. § 2241, seeking to challenge his placement in administrative segregation.[8] He also filed a motion to recuse undersigned.[9] In its February 20 Order, the Court (1) denied the motion

---

[3]   *Id.* at 17–19.

[4]   *Id.* at 19.

[5]   *Id.*, ECF 76.

[6]   *See, e.g.*, Case 213, ECF 13, at 2 nn.5–6 (identifying various motions filed by Daker attacking the Injunction and orders denying those motions).

[7]   *Id.*

[8]   *Id.*, ECF 1.

[9]   *Id.*, ECF 11.

to recuse because Daker did not show a proper basis for recusal and (2) dismissed this action because Daker failed to comply with the Injunction.[10]

In the current motion, Daker contends that the Court made erroneous factual assumptions in its February 20 Order. He insists that, contrary to this Court's findings, prisoners in the Georgia Department of Corrections (GDC) do not have access to the internet and the requirement that he comply with the Injunction forces him to engage in the illegal activity of using a cell phone so that he can access the internet.[11] Daker further argues that, because of his circumstances (*i.e.*, he cannot access his legal papers and he does not have access to a copier), he cannot comply with the Injunction, so it violates his rights to require compliance.[12] Daker also asserts that the Court demonstrated "bias, prejudice, hostility, and antagonism against" him by describing the petition in this action as abusive. Daker insists that it is not frivolous, and that the Court's statement demonstrates it "has no intention of giving him fair consideration on his claims."[13]

In the February 20 Order, the Court noted that Daker did not provide evidentiary support for his contention that he cannot make copies.[14] Daker now

---

[10]   *Id.*, ECF 13.

[11]   *Id.*, ECF 25, at 3–7.

[12]   *Id.* at 7.

[13]   *Id.* at 9.

[14]   *Id.*, ECF 13.

3

insists that he can prove that he has no access to make copies because there are published GDC policies prohibiting inmates from using copiers.[15] He argues that he has documentation showing that he cannot make copies, but he can't make copies of it to send to the Court.[16] Daker faults the Court for making purportedly false assumptions about his access to legal materials, the internet, and printing based on his past filings. According to Daker, the Court having attached copies of the Injunction and his litigation history to the February 20 Order was insufficient because he only has that one copy, so he can only file one case.[17]

## II. Legal Standard

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.2(E), NDGa. Rather, such motions should be filed only when "a party believes it is absolutely necessary." *Id.* To prove absolute necessity, the moving party must show that there is: "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003).

---

[15] *Id.*, ECF 25, at 11–12.

[16] *Id.* at 13.

[17] *Id.* at 15–24.

A motion for reconsideration may not be used to show the Court how it "could have done better," to present arguments already heard and dismissed, to repackage familiar arguments, or to offer new legal theories or evidence that could have been presented with the previous motion or response. *Id.* at 1259 (citing *Pres. Endangered Areas of Cobb's History Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996); *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000); *Adler v. Wallace Comput. Servs., Inc.*, 202 F.R.D. 666, 675 (N.D. Ga. 2001)).

### III. Discussion

Daker did not point to new evidence or an intervening development in the law as a basis for his motion. He relies entirely on the purported need to correct clear error. But he hasn't shown such error in undersigned's refusal to recuse. Rather, Daker infers a nefarious purpose because the Court ruled against him. That is insufficient. "[T]he allegation of bias necessary to require disqualification must be 'personal as opposed to judicial in nature.'" *Williams v. Marshall*, 319 F. App'x 764, 769 (11th Cir. 2008) (per curiam) (quoting *United States v. Meester*, 762 F.2d 867, 884 (11th Cir. 1985)). A prior adverse ruling "is a fact arising out of a judicial proceeding that does not create any question regarding the impartiality of the district court." *Id.* Though it should go without saying, the Court also

reemphasizes that compliance with the Injunction does *not* require Daker to violate the law.[18]

Nor has Daker shown error because the Court refused to modify the Injunction. Regardless of Daker's access to the internet or his legal materials, he can obtain a copy of the Injunction and his litigation history by requesting a copy from the Clerk of Court. Both were attached to the February 20 Order.[19] Daker can comply with the Injunction without accessing a contraband cell phone.

Daker insists that he lacks the funds to obtain copies from the Clerk.[20] But multiple courts—including this one—have found that Daker regularly lies about his finances. *See, e.g., Daker v. Owens*, 5:20-cv-354-TES-CHW, 2021 WL 1321335, at *4 (M.D. Ga. Jan. 5, 2021) (citing ten cases from the Eleventh Circuit and each of the district courts in Georgia describing Daker's false representations about his assets). Daker's claims of indigence lack credibility, particularly given the dearth of evidentiary support. On November 5, 2024, Daker finally posted the contempt bond required by the Injunction.[21] Shortly thereafter, on November 21, he paid $505 toward the filing fee for one of his appeals to the Eleventh Circuit. *Daker v.*

---

18   *See, e.g., id.*, ECF 13, at 6, 13–15.

19   *Id.*, ECFs 13-1, 13-2.

20   *Id.*, ECF 25, at 23.

21   Case 5243, Nov. 5, 2024 D.E.

*Comm'r, Dep't of Corr.*, No. 24-13161 (11th Cir.), Doc. 10; *Daker v. Ward*, Civ. A. No. 5:22-cv-00341-MTT-CHW (M.D. Ga.), Nov. 21, 2024 D.E.

The Court has repeatedly informed Daker that, to be excused from the monetary requirements of the Injunction, he must provide a comprehensive accounting of his finances supported by credible evidence.[22] Daker has never provided such information. Given his ability to post the contempt bond and pay a large portion of the appellate filing fee, there is no evidence Daker lacks the ability to pay for copies from the Clerk.

## IV. Conclusion

Daker has not shown an error in the February 20 Order. The motion for reconsideration and vacatur [ECF 25] is **DENIED**.

**SO ORDERED**, this 6th day of May, 2025.

_____
Steven D. Grimberg
United States District Judge

---

[22] *See, e.g.*, Injunction at 19; Case 5243, ECF 83, at 13.